**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN R. KACHENMEISTER,**

    **Plaintiff,**

-vs-                  **Case No. 6:05-cv-993-Orl-31DAB**

**BREVARD SECURITY SPECIALISTS,**
**INC., DAVID W. GRAHAM, and JEFFREY**
**W. FARLESS,**

    **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 17)**
>
> **FILED:** December 1, 2005
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff sued Defendants for unpaid overtime wages, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA") and comparable state law. Doc. No. 1. Following service of process (Doc. Nos. 8, 9, 12), Defendants failed to appear and Plaintiff moved for entry of a clerk's default (Doc. Nos. 10, 14). Defaults were entered on October 7 and 19, 2005. (Doc. Nos. 11, 15). Plaintiff now moves for a default judgment

for wages owed, fees and costs incurred, and has filed supporting Affidavits (Doc. No. 17, Ex. A, B); the matter is now ripe for resolution.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint.  Plaintiff was employed by Defendant Brevard Security Specialists, Inc. and Defendants David W. Graham and Jeffrey W. Farless (statutory employers under the FLSA with operational control) from October 8, 2004 to Octobert 28, 2004.  Doc. No. 17-3 ¶ 1.  During his employment, Plaintiff's regular rate of pay was $7.00 an hour.  *Id.* ¶ 2.  Plaintiff worked sixty hours during the week of October 11, 2005 to October 15, 2004.  *Id.*  ¶ 3.  Defendants willfully failed to pay Plaintiff for overtime of $3.50 per hour for 20 hours of overtime. *Id.*  As Defendants have defaulted, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for overtime wages in the amount of $70.00 and liquidated damages of an equal amount, for a total of $140.00.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").  As the mandatory language of the Act says "in addition to any judgment," it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the

recovery. This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Plaintiff seeks to recover $780.00 for attorney's fees and $395 for costs. Plaintiff's counsel avers that she spent 3.9 hours of time prosecuting this matter, at an hourly rate of $200.00 per hour[1]. Doc. No. 17-2. Counsel has presented an itemized list of the services provide by her firm, and the time spent by her on the case appears reasonable for the tasks completed. *Id.; see* Doc. No. 11, 12. The Court finds $200.00 per hour to be a reasonable rate for attorney work in this FLSA case. "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff's favor against Defendants Brevard Security Specialists, Inc., David W. Graham and Jeffrey W. Farless, jointly and severally, in the amount of **$140.00** in damages, **$780.00** in attorney's fees, and **$395.00** in costs (filing fee and service of process charge).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 12, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] It appears from counsel's affidavit that compensation is not being sought for 2.6 hours of other legal professionals' time in the amount of $402.00.

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy